IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANET S. ROSE and
DAVID M. ROSE,

           Plaintiffs,

v.

NOVARTIS, et al.,

           Defendants.

NO. C10-4200 TEH

ORDER GRANTING
PLAINTIFFS' MOTION TO
REMAND

This matter comes before the Court on Plaintiffs' motion to remand. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the motion hearing scheduled for January 24, 2011. For the reasons discussed below, the Court GRANTS Plaintiffs' motion and remands this case to state court.

**DISCUSSION**

Plaintiffs Janet S. Rose and David M. Rose filed their complaint against Defendants Novartis and Abdallah Fanidi in the Superior Court of California for the County of Alameda on April 28, 2010. Defendants removed to this Court on September 17, 2010. The complaint asserts seven state law causes of action and no federal causes of action. The parties do not dispute that Plaintiffs and Fanidi are citizens of California for purposes of diversity jurisdiction, and Defendants concede that this case was not removable to federal court based on the complaint alone.

However, Defendants assert that this case is removable based on Plaintiff Janet Rose's August 23, 2010 responses to set one of Defendant Novartis's interrogatories, which Defendants contend establish that Fanidi is a sham defendant whose citizenship should not be considered for purposes of diversity jurisdiction. The complaint asserts a single cause of

1 action – defamation – against Fanidi.  Defendant's interrogatory number 206.1 asked
2 Plaintiff whether "the EMPLOYER'S agents or employees PUBLISH[ED] any of the
3 allegedly defamatory statements identified in the PLEADINGS," and, if so, to identify
4 certain allegations regarding each published statement.  Ex. 1 to Defs.' Req. for Judicial
5 Notice at 11.[1]  Plaintiff responded as follows:

> Responding party objects to the request on the basis that discovery has just begun.  At this time, responding party lacks sufficient unprivileged information to respond to this interrogatory.  Without waiving and specifically subject to the foregoing objections, responding party responds:  My former supervisor [Fanidi] repeatedly and unfairly disparaged my work performance, both orally and in writing.  I do not know the exact dates of the statements, or documents,. [sic]  I have no idea what he believed was true, or what he based his statements on.  What I know is he treated me unfairly, refused to honor my restrictions, and eventually put me on a performance improvement plan when there was no basis for doing so.

13 *Id.*  Plaintiffs dispute that the above discovery responses establish that Fanidi is a sham
14 defendant and move to remand based on lack of complete diversity.
15     Diversity jurisdiction in federal court requires complete diversity of citizenship – i.e.,
16 that each plaintiff be a citizen of a different state than each defendant.  28 U.S.C. § 1332(a);
17 *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  However, "[i]f the plaintiff fails to state a
18 cause of action against a resident defendant, and the failure is obvious according to the
19 settled rules of the state, the joinder of the resident defendant is fraudulent," and that
20 defendant's citizenship may be disregarded for purposes of determining diversity
21 jurisdiction.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  "The
22 defendant seeking removal to the federal court is entitled to present the facts showing the
23 joinder to be fraudulent," *id.*, but the defendant bears a heavy burden, as "[f]raudulent joinder
24 must be proven by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem.*
25 *Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  Because the removal statute is strictly
26 construed, the party seeking removal bears the burden of establishing that removal is proper;

---

[1] Defendants' unopposed request to take judicial notice of Plaintiffs' discovery responses is GRANTED.

2

1 any doubts are resolved against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

2 In this case, the Court agrees with Plaintiffs that the discovery responses at issue do not negate Plaintiffs' ability to state a defamation claim against Fanidi. Unlike the plaintiff in *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001), for example, Plaintiffs here have not admitted anything that contradicts the allegations in the complaint – which Defendants acknowledge do not provide an adequate basis for removal. Opp'n at 9 ("Given that Plaintiffs' unverified complaint, on its face, theoretically stated a claim for defamation against Fanidi, Defendants could not have removed the Complaint at the time it was filed."). While Plaintiffs' discovery responses do not add any detail to the complaint's allegations, the Court cannot conclude, at this early stage of discovery, that Plaintiffs' lack of specificity establishes that they cannot state a defamation claim against Fanidi. Thus, remand is the proper course of action. *See, e.g., Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").

Accordingly, with good cause appearing, Plaintiffs' motion to remand is GRANTED. This matter is hereby remanded forthwith to the Superior Court of California for the County of Alameda. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 01/18/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT